[No. 3,101.]

## THE PEOPLE OF THE STATE OF CALIFORNIA *v.* FREDERICK W. CLARKE.

CRIMINAL LAW—ORDER RESUBMITTING CASE TO GRAND JURY NOT APPEALABLE.—An order of a County Court directing that a criminal charge ignored by one Grand Jury be submitted to another, is not an appealable order.

CRIMINAL "INTERMEDIATE ORDERS" NOT APPEALABLE.—By the provisions of section four hundred and eighty-four of the Criminal Practice Act, to the effect that intermediate orders or proceedings forming part of the record of a criminal case may be reviewed on appeal from the final judgment, it was clearly intended to prohibit a separate appeal from such intermediate orders or proceedings.

CRIMINAL ORDERS, AFTER FINAL JUDGMENT, APPEALABLE.—That portion of section four hundred and eighty-one of the Criminal Practice Act which authorizes an appeal from an order "which affects a substantial right in a criminal case amounting to felony," applies only to orders made after final judgment.

APPEAL from the County Court of Alameda County.

The defendant was arrested in February, 1871, for the murder, in Alameda County, of Zelotes Reed, and held to answer. At the next term of the County Court of that county the Grand Jury investigated the charge, and ignored the bill. The District Attorney afterwards moved to resubmit the charge to another Grand Jury; and the County Court, upon the ground that the defendant had been admitted to testify as a witness on his own behalf, and that the admis-

sion of such testimony by the Grand Jury was error, granted the motion. The defendant appealed from the order.

*Alexander Campbell* and *H. S. Brown,* for Appellant.

It was suggested in the Court below that the order was not appealable. But no motion has been made to dismiss the appeal on that ground, and we, therefore, infer that the objection is abandoned by the Attorney General. It may, however, be proper to state, briefly, the provisions of law upon the subject, and the construction which, in our opinion, should be given to them. Section four hundred and eighty-one of the Criminal Practice Act provides that "the party aggrieved may appeal to the Supreme Court from a final judgment of the District Court or County Court granting or refusing a new trial, or which affects a substantial right in a criminal case amounting to felony, on questions of law alone." Section two hundred and thirty-one provides that "the dismissal of the charge shall not, however, prevent the charge from being again submitted to a Grand Jury, or as often as the Court shall so direct. But without such direction it shall not be again submitted." The purpose of the law is obvious. It affords the defendant protection against repeated prosecutions after the charge against him has been once fairly investigated by the Grand Jury and dismissed; subject, however, to the power of the Court in the exercise of a legal discretion to resubmit the case whenever circumstances may arise rendering it proper to do so. The dismissal operates as a final judgment in his favor, which can only be reopened for a sufficient reason, and in the exercise of a legal, not an arbitrary, discretion. This view of the case was very properly concurred in by the Court below. (*Belt* v. *Davies,* 1 Cal. 134; *Dowling* v. *Polack,* 18 Cal. 625; *People* v. *Young,* 31 Cal. 563.)

*Jo Hamilton, Attorney General,* for Respondent.

The order in this case was not a final judgment, nor order made after final judgment, and was, therefore, not an appealable order. (Hitt. Dig. 2068; *DeBarry* v. *Lambert,* 10 Cal. 503; *Moulton* v. *Ellmaker,* 30 Cal. 529; *People* v. *Thurston,* 5 Cal. 517; *People* v. *Ah Fough,* 12 Cal. 424.)

The County Court had the authority, in its discretion, to order a resubmission of the case to another Grand Jury, and such an order, being one within the discretion of the County Court, is not a subject of review on appeal. And if such an order was made within the discretion of the Court, the reason for the order—being no part of the order—could not be a subject of review on this appeal. (Hitt. Dig. 1818, 1870, 1871, and 1872; *Smith* v. *Billett,* 15 Cal. 23.)

By the Court, Crockett, J.:

The only question on this appeal which it is necessary to consider is, whether an order of the County Court, directing that a charge which has been ignored by a former Grand Jury be submitted to another Grand Jury, is, in any case, an appealable order. Section four hundred and eighty-one of the Criminal Practice Act provides that an appeal may be taken "to the Supreme Court from a final judgment of the District Court or County Court, in all criminal cases amounting to a felony, on questions of law alone; also, from an order of the District Court or County Court granting or refusing a new trial, or which affects a substantial right in a criminal case amounting to a felony, on questions of law alone." Section four hundred and eighty-four provides that upon the appeal from the judgment any decision of the Court in an intermediate order or proceeding forming a part of the record may be revised.

In providing that intermediate orders or proceedings form-

ing a part of the record may be reviewed on an appeal from the final judgment, it was clearly intended to prohibit a separate appeal from such intermediate orders or proceedings. Whether the intermediate orders and proceedings referred to are only those which occur between the finding of the indictment and the final judgment, or include also those which are preliminary to the indictment, such as the order appealed from in this case, or an order denying a challenge to a Grand Juror, or of the whole panel, need not be decided on this appeal. It will suffice to say on this point that if such preliminary orders and proceedings can be reviewed by this Court on appeal, it can only be on an appeal from the final judgment. Any other rule would lead to the greatest embarrassment and delay in the administration of justice in criminal cases. That portion of section four hundred and eighty-one which authorizes an appeal from an order "which affects a substantial right in a criminal case amounting to a felony," applies only to orders made after final judgment, which, of course, could not be reviewed on an appeal from the judgment. In several cases we have been called upon to review, on appeal, orders of this character, relating to the time, mode, and manner of executing the judgment. Upon this construction of the statute, its provisions are reasonable and consistent. All orders and proceedings occurring prior to the judgment, which it was intended should be subject to review by this Court, can be corrected on an appeal from the judgment, or from an order granting or refusing a new trial; whilst an order affecting a substantial right of a party, made after final judgment, can be reviewed on a direct appeal from the order. These views are decisive of this appeal, inasmuch as the order appealed from is not appealable.

Appeal dismissed.

Mr. Chief Justice SPRAGUE did not participate in the foregoing decision.