[No. 3,278.]

## THE PEOPLE *v.* AH KIM.

APPEAL FROM ORDER ARRESTING JUDGMENT.—An appeal cannot be taken from an order made after a verdict of guilty, in a criminal case, arresting the judgment.

APPEAL from the Municipal Criminal Court of the City and County of San Francisco.

The jury rendered a verdict of guilty.
The other facts are stated in the opinion.

*Attorney General Love* and *C. B. Darwin,* for Appellant.

*Delos Lake,* for Respondent.

By the Court, BELCHER, J.:

When defendant was called for judgment he moved for an arrest of the judgment, on account of alleged defects in the indictment. The motion was granted by the Court, and thereupon it was ordered that the case be resubmitted to another Grand Jury. The appeal is by the people from the order granting the motion in arrest of judgment.

Section four hundred and eighty-one of the Criminal Practice Act provides that an appeal may be taken "to the Supreme Court from a final judgment of the District Court or County Court, in all cases amounting to a felony, on questions of law alone; also, from an order of the District Court or County Court granting or refusing a new trial, or which affects a substantial right in a criminal case amounting to felony, on questions of law alone."

It is apparent that this is not an appeal from a final judgment. The Court refused to pronounce such judgment, but referred the case to another Grand Jury. Nor is it an appeal from an order granting or refusing a new trial.

In *People* v. *Clark*, 42 Cal. 622, it was held that that portion of section four hundred and eighty-one which authorizes an appeal from an order "which affects a substantial right in a criminal case amounting to a felony" applies only to orders made after final judgment, which could not be reviewed on an appeal from the judgment.

We are, therefore, of the opinion that the order appealed from is not an appealable one.

Appeal dismissed.