## PEOPLE *v.* TREMAYNE.

FUGITIVE FROM JUSTICE, APPEAL BY.—A defendant charged with a felony, and who is a fugitive from justice, has no right to be heard upon any appeal in his behalf.

ORDER FORFEITING BAIL, APPEAL FROM.—Neither an order forfeiting a defendant's bail for failure to appear for trial, nor a subsequent order refusing to set aside the forfeiture, nor an order directing that money deposited in lieu of bail be paid into the treasury, is appealable.

APPEAL from the third district court. The defendant was indicted in the court below for burglary. When arraigned, he pleaded "not guilty," and his bail was fixed at one thousand dollars, which sum he deposited with the clerk in lieu of bail, in accordance with the provisions of section 403 of the criminal practice act, and thereupon he was discharged from actual custody. At a subsequent term of the court the case was set for trial on a day certain, and when the case was reached for trial on that day the defendant did not appear in person, but was represented by the attorney who had appeared with and for him at the time of the arraignment. When the case was called for trial, the defendant not appearing, the prosecution moved for a forfeiture of the money

deposited in lieu of bail. The attorney who had before appeared for the defendant at this time objected to the defendant's being called, or any proceedings being taken to declare the deposit forfeited, "on the ground that the indictment in said cause did not set forth any public offense against the laws of the territory of Utah," and requested the privilege of being heard on the sufficiency of said indictment. The assistant district attorney objected to the appearance of said attorney and to his right to be heard as requested, on the ground that the defendant had no right to appear by attorney or counsel, and that his attorney had no right to be heard in the case. The court so decided, and thereupon the defendant was called, and not appearing, an order of forfeiture was entered; to all of which the attorney for the defendant excepted. Afterwards, but during the same term, and without any personal appearance on the part of the defendant, and without his surrendering himself in any way to the custody of any officer, his counsel moved the court to discharge the order of forfeiture, upon the same grounds substantially on which he had sought to resist the entry of the order. The hearing upon this latter motion was postponed from time to time, and finally came on to be heard during the April term of the court, at which time the district attorney objected to the hearing of the motion, on the ground that the defendant was at large, and could not be heard in an application to discharge the forfeiture unless personally present; and in support of his objection presented a certificate of the United States marshal, showing that the defendant was still at large, a fugitive from justice. The court received the certificate and refused to entertain said motion, to which counsel for defendant excepted. Afterwards the court ordered the clerk to pay over said deposit money to the territorial treasurer, as directed by section 411 of the criminal practice act.

*Arthur Brown,* for the appellant.

No brief on file.

*Zera Snow, assistant district attorney,* for the respondent.

The orders complained of are not appealable, no appeal having been given by statute. But if they are, the defendant can not be heard. A defendant charged with a felony may appear with counsel, not by counsel. He had no right to move by counsel to set aside the forfeiture; he can not prose-.cute this appeal by counsel: *People* v. *Redinger*, 55 Cal. 290; *State* v. *Genet*, 59 N. Y. 81; *Smith* v. *United States*, 94 U. S. 97; *Commonwealth* v. *Andrews*, 97 Mass. 543.

EMERSON, J.:

This appeal, prosecuted on the part of the defendant by his counsel, is from the order of the court forfeiting the money deposited in lieu of bail, upon the default of the defendant in not appearing when the case was called for trial; and from the ruling of the court in refusing to entertain the motion, to discharge the order of forfeiture, made by his counsel, while the defendant was still at large, a fugitive from justice, and without his having in any manner surrendered himself to the jurisdiction of the court subsequent to the order of forfeiture, and no excuse whatever being offered for his failure to appear at the trial; and also from the order of the court directing the clerk to pay over the money deposited to the territorial treasurer.

When the cause was called for argument, the assistant district attorney, Zera Snow, Esq., moved the court to dismiss the appeal, on the ground that the defendant was still at large, a fugitive from justice. This fact is made to appear by the certificate of the United States marshal, nor is it denied by the counsel who prosecutes this appeal for the defendant; and upon the further ground that the orders themselves are not appealable.

The appeal should be dismissed on both grounds.

The offense charged is a felony, and so long as defendant remains a fugitive from justice he has no right to be heard upon any appeal in his behalf in this court: *People* v. *Redinger*, 55 Cal. 290, where many cases are reviewed, all holding the same way. Certainly this defendant has no right to be heard while he refuses to submit himself to the jurisdiction of the court, upon any matters connected with the proceedings appealed from.

The orders are not appealable. They were but steps in the criminal proceedings commenced by the filing of the indictment, and if reviewable at all, could only be so on an appeal from a final judgment : *People* v. *Clarke*, 42 Cal. 622.

The appeal is dismissed.

HUNTER, C. J., and TWISS, J., concurred.