### Tucker v. City of Moultrie.

Cobb, J. 1. A municipal corporation has authority, under the general-welfare clause in its charter, to pass an ordinance prohibiting the keeping of intoxicating liquors for the purpose of unlawful sale. *Cunningham* v. *Griffin*, 107 *Ga.* 690 (2) ; *Reese* v. *Newnan*, 120 *Ga.* 198.

2. A conviction under such an ordinance on one day is no bar to a conviction for keeping the same liquors for that purpose on a subsequent day.

3. One living in a "dry town," who has at his home "cased whisky" and "37 pints of liquor in his trunk," and receives by railroad whisky by the case billed "Mineral Water," some of whose visitors act "a little strange," others depart with wrapped packages, and still others, immediately upon leaving, retire to secluded places and drink whisky from a flask, has no just cause of complaint when the judge of a police court reaches the conclusion that he is keeping liquor for the purpose of unlawful sale, notwithstanding his statement that the liquors were kept exclusively for his own use.

4. The bond required by the act of 1902 (Acts 1902, p. 105), in cases where application is made for a writ of certiorari to a police court, is merely an appearance bond ; and upon the judgment of such court being affirmed on certiorari it is not lawful to enter a judgment against the sureties on such bond for the amount of the fine imposed in the police court.

5. The evidence warranted the judgment of conviction, and the judge of the superior court did not err in overruling the certiorari. But it was erroneous to enter judgment for the amount of the fine imposed in the mayor's court against the sureties on the certiorari bond ; and direction is given that that portion of the judgment be stricken.

*Judgment affirmed, with direction. All the Justices concur.*

Submitted February 21, — Decided March 2, 1905.

Certiorari.    Before Judge Mitchell.    Colquitt superior court. January 12, 1905.

*J. A. Wilkes,* for plaintiff in error.
*J. D. McKenzie* and *L. L. Moore,* contra.