## 2726.  CITY OF ATLANTA *v.* TURNER.

A prisoner was convicted in a municipal court and sentenced to pay a fine, and additionally to serve a term on the chain-gang; he sought certiorari, and gave a bond, with security, conditioned that he should "personally appear to abide the final order, decree, judgment or sentence" in the case; the certiorari was dismissed, and the prisoner surrendered himself into custody and served out the chain-gang portion of the sentence, but did not pay the fine.  *Held,* that the condition of the bond was complied with by the prisoner's having duly surrendered himself into custody, and that no action could be maintained on the bond for the purpose of collecting the fine.

DECIDED SEPTEMBER 6, 1910.

Certiorari; from Fulton superior court—Judge Pendleton.  May 18, 1910.

*J. L. Mayson, W. D. Ellis Jr.,* for plaintiff.

*Anderson, Felder, Rountree & Wilson, Moore & Branch,* for defendant.

POWELL, J.  The headnote states enough of the facts for an understanding of the case.  The bond is an appearance bond. *Tucker* v. *Moultrie,* 122 *Ga.* 160 (4), 161 (50 S. E. 61).  The words, "to abide the final order," etc., operate to limit, not to extend the liability of the obligors.  For instance, if the sentence had imposed a fine only, either directly or as an alternative to some other punishment, the bondsman could have discharged his liability either by the production of the prisoner or by paying the fine.  The liability might be different if the condition of the bond were that the prisoner should appear *and* abide the sentence.

The prisoner having personally appeared and surrendered him-

self into custody for punishment in accordance with the sentence, the bondsman was discharged from further liability. The other obligor, the prisoner, remains liable for the fine, and the city may yet collect it from him by any authorized method.

*Judgment affirmed.*