PEOPLE, PLAINTIFF AND APPELLEE, *v.* BORQUE ET AL., DEFENDANTS AND APPELLANTS.

## Appeal from the District Court of Humacao in a Prosecution for Murder.

No. 2068.—Decided June 20, 1923.

APPEAL—GRAND JURY—JUDGMENT—INDICTMENT.—An order quashing an indictment returned "not a true bill" by the grand jury, but reserving to the district attorney the right to submit a new indictment to another grand jury, is not a final judgment, regardless of its title, and is not appealable.

The facts are stated in the opinion.

*Messrs. L. Pereyó* and *L. Pereyó, Jr.,* for the appellants.

*Mr. José E. Figueras, Fiscal,* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

The District Attorney of Humacao submitted to the grand jury an indictment charging Fulgencio Borque and Pablo Borque with having unlawfully and maliciously killed Cirilo Carrillo on January 5, 1923, and on March 28, 1923, after inquiring into the matter, the grand jury endorsed the indictment as "Not a true bill." On the same day the

court entered the following: "Judgment. The grand jury having returned the indictment in this case as not a true bill, the court orders its dismissal and also the cancelation of the bail given by the defendants for their provisional liberty, reserving to the district attorney the right to submit the indictment to another grand jury."

On April 2, 1923, the defendants moved the court to set aside its order of March 29th granting the district attorney permission to submit a new indictment, for the reason that the permission was granted without any showing of just cause by the district attorney. The court heard the parties and on April 17, 1923, finding that the procedure followed was erroneous, reconsidered "the judgment of March 28, 1923, in so far as it reserved to the district attorney the right to submit the case to another grand jury, without prejudice to the raising of the question again formally by the district attorney." Immediately the district attorney filed a verified motion showing his reasons for asking leave of the court to submit the indictment to another grand jury, exhibiting with his motion the testimony of witness Blas Carrillo, and on April 23, 1923, the court made the following order:

"Considering the motion of the district attorney and the accompanying document, the hearing on the motion having been had on April 23, 1923, with the attendance of both parties, this court is of the opinion that under the circumstances of the case and in the exercise of its discretion under section 39 of the Grand Jury Act, it should grant the district attorney leave to submit this case to the consideration of the next grand jury impaneled in this court."

From this order the defendants took the present appeal, assigning in their brief four errors which may be condensed into one, to wit: Abuse of discretion by the court in granting leave to submit the indictment to another grand jury.

The 24th of May having been set for the hearing of this

appeal, the parties appeared and the *Fiscal* moved for its dismissal because the order of April 23 was not appealable. The *Fiscal* is right.

Section 347 of the Code of Criminal Procedure gives a defendant the right to appeal (1) from a final judgment of conviction; (2) from an order denying a motion for a new trial, and (3) from an order made after judgment affecting the substantial rights of the party. The appellants contend that as the "judgment" of March 28th ordering the dismissal of the indictment is a final judgment, the order of April 23rd had the character of an order made after judgment affecting the substantial rights of the party and was, therefore, appealable in accordance with the express provisions of the statute; but in our opinion the so-called "judgment" of March 28th is not such a judgment as the statute contemplates. Notwithstanding the fact that it was called a "judgment," the idea of finality that is a characteristic of real judgments seems not to have been in the mind of the court when it included therein the following: " . . . . reserving to the district attorney the right to submit a new indictment to another grand jury." The court persisted in its reservation in its second order. The "judgment" of March 28th would have been final if the district attorney had not moved for and obtained leave to submit the indictment to another grand jury, but he did so and the interlocutory character of the "judgment" became finally settled.

Besides, the question has been decided by the Supreme Court of California, which laid down the following doctrine in *People* v. *Clarke,* 42 Cal. 624, and *People* v. *Ah Kim,* 44 Cal. 384:

"Order which affects substantial right in criminal case, from which appeal may be taken, is only an order made after final judgment. An order directing criminal charge ignored by one grand jury to be submitted to another grand jury is not appealable, but is an intermediate order or proceeding, which may be reviewed

on appeal from final judgment." Kerr's Penal Code of Cal., Part II, p. 1369.

It should be remembered that section 363 of the Code of Criminal Procedure of Porto Rico reads as follows:

"Sec. 363.—Upon an appeal taken by the defendant from a judgment, the court may review any intermediate order or ruling involving the merits, or which may have affected the judgment."

By reason of the foregoing the appeal must be dismissed, leaving the question to be decided in case a new indictment duly indorsed by the grand jury is presented and the defendants are convicted and appeal from the judgment.

*Appeal dismissed.*

Justices Wolf, Aldrey and Hutchison concurred.

Mr. Justice Franco Soto took no part in the decision of this case.