EL PUEBLO, DEMANDANTE Y APELADO, *v.* BORQUE ET AL.,
ACUSADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Humacao
en causa por asesinato.

No. 2068.—Resuelto en junio 20, 1923.

APELACIÓN—GRAN JURADO—SENTENCIA—ORDENES NO APELABLES. — No es una
sentencia final, aunque se titule ''sentencia,'' y por tanto no es apelable,
una decisión de sobreseimiento de una acusación declarada ''infundada''
por el Gran Jurado, que reserva al fiscal el derecho de presentar nueva acu-
sación ante otro Gran Jurado.

Los hechos están expresados en la opinión.

Abogados de los apelantes: *Sres. L. Pereyó* y *L. Pe-
reyó, Jr.*

Abogado del apelado: *Sr. José E. Figueras, Fiscal.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del
tribunal.

El Fiscal del Distrito de Humacao sometió al Gran Ju-
rado una acusación imputando a Fulgencio Borque y Pablo
Borque el hecho de haber dado muerte ilegal con malicia pre-
meditada a Cirilo Carrillo, el 5 de enero de 1923, y el Gran
Jurado, el 28 de marzo de 1923, investigada la causa, con-
signó al pie del documento: ''Acusación infundada.'' La
corte dictó el mismo día la siguiente ''Sentencia. Habiendo
el Gran Jurado declarado infundada la acusación en este
caso, la corte ordena el archivo y sobreseimiento de la misma,
así como la cancelación de las fianzas prestadas por los acu-
sados para su libertad provisional, reservando al fiscal el
derecho de presentar nuevamente la acusación ante otro
Gran Jurado.''

El 2 de abril siguiente los acusados pidieron a la corte
que dejara sin efecto su orden de 29 de marzo anterior con-
cediendo permiso al fiscal para presentar una nueva acusa-
ción por haber sido dicho permiso concedido sin que el fis-
cal alegara justa causa para ello. La corte oyó a las partes
y, el 17 de abril último, estimando que el procedimiento se-

guido era erróneo, reconsideró la "sentencia de 28 de marzo de 1923 en cuanto por ella se reserva al fiscal el derecho de presentar nuevamente el caso a la consideración de otro Gran Jurado, y sin perjuicio de que el fiscal pueda presentar de nuevo en forma la cuestión a la corte." Acto seguido compareció el fiscal alegando en una moción jurada las razones que tenía para solicitar de la corte permiso para someter la acusación a otro Gran Jurado, acompañando a su moción la declaración del testigo Blas Carrillo, y la corte, el 23 de abril, dictó la siguiente resolución:

"Consideradas la moción del fiscal y el documento que la acompaña, cuya vista se celebró con asistencia de ambas partes el día 23 de abril de 1923, esta Corte estima, bajo las circunstancias del caso y haciendo uso de la discreción que le otorga la sección 39 de la Ley de Gran Jurado, concede al fiscal el permiso que solicita para someter este caso a la consideración del Gran Jurado que próximamente va a constituirse en esta corte."

Contra esa resolución de la corte interpusieron los acusados el presente recurso de apelación, señalando en su alegato la comisión de cuatro errores que pueden condensarse en uno, a saber: abuso de discreción por parte de la corte al conceder el permiso para la presentación de la acusación ante otro Gran Jurado.

Señalado el 24 de mayo último para la vista del recurso, comparecieron las partes y el fiscal solicitó la desestimación del mismo porque la orden de 23 de abril no era apelable. Tiene razón el fiscal.

El artículo 347 del Código de Enjuiciamiento Criminal concede al acusado el derecho a apelar, 1, de una sentencia condenatoria definitiva; 2, de una providencia negando un nuevo juicio, y 3, de una providencia dictada después del fallo que afecte los derechos substanciales de la parte, y los apelantes sostienen que siendo la "sentencia" de 28 de marzo que ordenó el archivo y sobreseimiento de la acusación, un fallo definitivo, la resolución de 23 de abril tenía el

carácter de una providencia dictada después del fallo que afectaba los derechos substanciales de la parte, siendo, por tanto, apelables de acuerdo con los términos expresos de la ley, pero, a nuestro juicio, la llamada "sentencia" de 28 de marzo no es el fallo a que se refiere la ley.   No obstante haberla denominado "sentencia," la idea de fin definitivo que caracteriza las verdaderas sentencias, parece que no estuvo en la mente de la corte cuando consignó en ella lo que sigue: "reservando al fiscal el derecho de presentar nuevamente la acusación ante otro Gran Jurado."   La corte persistió en su reserva en su segunda resolución.   La "sentencia" de 28 de marzo pudo en realidad de verdad ser final si el fiscal no hubiera gestionado y obtenido permiso para presentar la acusación ante otro Gran Jurado, pero lo gestionó y lo obtuvo y la condición de interlocutoria de la "sentencia" quedó entonces definitivamente fijada.

Además, la cuestión ha sido resuelta por la Corte Suprema de California que sentó en los casos de *People* v. *Clarke*, 42 Cal. 624, y *People* v. *Ahkim*, 44 Cal. 384, la siguiente doctrina:

"La providencia que afecte los derechos substanciales en casos criminales de la cual se puede apelar es solamente una orden dictada después de la sentencia final.   Una orden que somete una causa criminal ignorada por un gran jurado a otro gran jurado no es apelable sino que es una orden intermediaria o procedimiento que puede ser revisado en apelación de la sentencia final."

Debe recordarse que el Código de Enjuiciamiento Criminal de Puerto Rico contiene también el artículo 363, que dice:

"Art. 363.—Al establecer el acusado el recurso de apelación contra una sentencia, el tribunal puede revisar cualquiera de los decretos o providencias intermediarias que giren sobre el mérito del asunto o que hayan podido afectar el fallo."

Por virtud de lo expuesto debe desestimarse la apelación

establecida quedando la cuestión de fondo para ser resuelta en el caso de que se presente una nueva acusación debidamente endosada por el Gran Jurado y bajo ella sean condenados y apelen los acusados de la sentencia.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.