[Civ. No. 36482. First Dist., Div. Four. June 24, 1975.]

INDUSTRIAL INDEMNITY COMPANY, Plaintiff and Appellant, v. JACK G. LEVINE, Defendant and Respondent.

## COUNSEL

Wayne Lewis Lesser for Plaintiff and Appellant.

Michael J. Mandel for Defendant and Respondent.

## OPINION

**THE COURT:**\*—Industrial Indemnity Company appeals from an order quashing an abstract of judgment. The abstract reflected a stipulated money judgment which had been entered for appellant and against Jack G. Levine (respondent). According to the stipulation, execution was to be stayed for six months. Before expiration of the six-month stay, appellant recorded an abstract of judgment. Respondent moved to quash the abstract of judgment whereupon the court ordered that the abstract of judgment be quashed and that appellant remove evidence of the filing of the said abstract from the records of the county recorder. The present appeal followed. ██ Appellant contends that a stipulated stay of execution does not preclude recordation of an abstract of judgment, because such recordation is not a step in the process of execution upon the judgment. That contention is sound. A money judgment may be enforced by a writ of execution (Code Civ. Proc., §§ 681, 684); such enforcement requires no recordation of the abstract of judgment to reach a real property interest (Code Civ. Proc., § 688). Recordation of an abstract of judgment merely creates a lien upon real property of the judgment debtor (Code Civ. Proc., § 674); such recordation is not an execution upon a judgment. (*Menges* v. *Robinson* (1933) 132 Cal.App. 647, 652 [23 P.2d 526]; *Laubisch* v. *Roberdo* (1954) 43 Cal.2d 702, 707 [277 P.2d 9].) The parties clearly could have stipulated that no abstract of

---

\*Before Caldecott, P. J., Christian, J., and Emerson, J.†

†Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

judgment would be recorded during the stay of execution; had that been done, the court would enforce that agreement. But the term "stay of execution" has a well defined legal meaning; where the term is used in an agreement, the parties inferably intend that meaning. It is to be concluded that neither the stipulation nor the stipulated judgment precluded recordation of an abstract of judgment. It was error to quash the abstract.

Respondent contends that recordation of an abstract is never permissible where enforcement of the judgment has been stayed. The argument is that by requiring the consent of the adverse party before a stay longer than 30 days can be granted (in situations requiring a stay bond on appeal), the "obvious legislative intent [was] that the consent of an adverse party to a stay [be] the equivalent of a stay bond on appeal, and, that a stay under CCP Section 681a [be] the same as a stay on appeal." Respondent argues that the absence of authority to record an abstract where enforcement of the judgment was stayed on appeal should be held to extend to stays granted under Code of Civil Procedure section 681a.

It is true that an abstract may not be recorded if there has been a stay on appeal (Code Civ. Proc., § 674). But no similar provision exists in regard to a stay granted under Code of Civil Procedure section 681a.[1] The contexts in which the two types of stay may operate are markedly different. A stay of execution granted under Code of Civil Procedure section 681a is used to allow the judgment debtor time to gather his resources so that the judgment may be satisfied without unnecessary hardship. In that situation, the liability of the debtor has been determined by the judgment and is no longer in contention. The consent of the judgment creditor is required for a stay extended beyond specified limits; there is thus no reason why the judgment creditor should be prevented from seeking security during a stay which, if it is to extend beyond the short period specified in the statute, he has agreed to at the request and for the benefit of the judgment debtor. In contrast, a stay on appeal occurs when the judgment is under attack and liability remains in

---

[1]Code of Civil Procedure section 681a: "The court, or the judge thereof, may stay the execution of any judgment or order; provided, that no court shall have power, without the consent of the adverse party, to stay the execution of any judgment or order, the execution whereof would be stayed on appeal only by the execution of a stay bond, for a longer period than 10 days in justice courts, nor for a longer period than 30 days in other courts. If a motion for a new trial or for judgment notwithstanding the verdict is pending, execution may be stayed until 10 days after the determination thereof."

dispute. Until the judgment becomes final there may be good reason to stay any proceedings to execute on the judgment.

Preclusion of judgment creditors' attaining security through recordation of an abstract of judgment during a stay on appeal is related to the fact that provision for security during such a stay has been provided (Code Civ. Proc., §§ 917.1-917.9). But security for a money judgment stayed under Code of Civil Procedure section 681a is not provided for, other than by recordation of an abstract of judgment (Code Civ. Proc., § 674). It. was not improper for appellant to record an abstract of judgment.

The order is reversed.

Respondent's petition for a hearing by the Supreme Court was denied August 20, 1975.