**BEEHIVE BAIL BONDS, INC., Petitioner,**

v.

**FIFTH DISTRICT COURT; State of Utah; Washington County; and James L. Shumate, District Judge, Respondents.**

No. 960735–CA.

Court of Appeals of Utah.

Feb. 27, 1997.

V. Lowry Snow and Kim S. Colton, Snow & Jensen, P.C., St. George, for Petitioner.

Brent M. Johnson, General Counsel, Salt Lake City, for Respondents.

Before BENCH, BILLINGS and ORME, JJ.

BENCH, Judge.

Petitioner Beehive Bail Bonds, Inc. (Beehive) seeks an extraordinary writ ordering the Fifth District Court to exonerate bail on four criminal cases for which Beehive is surety.[1] Beehive alleges that the trial court failed to comply with the Bail Forfeiture Procedure Act. *See* Utah Code Ann. §§ 77–20a–1 to –6 (1995 & Supp.1996).

## BACKGROUND

Beehive is a Utah corporation licensed to conduct business as a bail bond surety throughout the State of Utah. In 1994, Beehive posted bond on the four criminal cases mentioned. In each of the four cases, the defendants failed to make scheduled court appearances. In two of the cases, instead of contemporaneously making minute entries of the failure to appear, the trial court waited between six and eight months to make the minute entries. After ordering judgment upon the bail in all four cases, the Fifth District Court ordered the bonds forfeited, and filed the abstracted judgments in Salt Lake County, thereby creating liens on Beehive's real property. *See* Utah Code Ann. § 78–22–1 (1996).

The trial court consolidated the four criminal cases to hear Beehive's Petition to Exonerate Bail. The court denied the petition, but granted Beehive's Motion to Accept a Cash Bond in Lieu of Forfeiture and ordered judgment upon the bail satisfied for the four criminal cases. The funds were placed in a trust account pending this appeal.

■ Bail forfeiture is not directly appealable where, as here, there is no appeal of the

---

1. The four cases consolidated by the trial court are: *State v. Powell,* case no. 941500560; *State v. Aguilar,* case no. 941501058; *State v. Johnson,* case no. 945500026; and *State v. Sinclair,* case no. 941500550.

criminal convictions. *Heninger v. Ninth Circuit Court,* 739 P.2d 1108, 1109 (Utah 1987). In such circumstances, bail forfeiture may properly be pursued by extraordinary writ. *Id.*

## ISSUES AND STANDARD OF REVIEW

■ In its petition for extraordinary writ, Beehive alleges the following errors: (1) the trial court should have exonerated Beehive's bail bonds because Beehive was not given timely notice of the defendants' failure to appear; and (2) the trial court erroneously ordered bail forfeited and filed abstracted judgments before the time allowed by statute. Questions of statutory interpretation are reviewed for correctness. *S.H., ex rel. Robinson v. Bistryski,* 923 P.2d 1376, 1379 (Utah 1996).

## ANALYSIS

Beehive claims the Fifth District Court's order forfeiting bail was erroneous because Beehive was not given notice within sixty days of the criminal defendants' failure to appear. Beehive therefore asserts that it is entitled to exoneration of the bonds. The applicable portion of the Bail Forfeiture Procedure Act provides as follows:

> (1) If a defendant fails to appear when required, the court *shall* enter the fact upon its minutes, and the entry is deemed a forfeiture of the bail which has been posted.
>
> . . . .
>
> (3) If the address of the surety is known and the prosecuting attorney does not mail or serve the notice within 60 days after entry of the failure of the defendant to appear, the surety is released from all obligations under the bail.

Utah Code Ann. § 77–20a–1 (1995) (emphasis added).

■ "[W]e will interpret a statute according to its plain language, unless such a reading is unreasonably confused, inoperable, or in blatant contravention of the express purpose of the statute." *Perrine v. Kennecott Mining Corp.,* 911 P.2d 1290, 1292 (Utah 1996). "Only when we find ambiguity in the statute's plain language need we seek guidance from the legislative history and relevant policy considerations." *World Peace Movement of Am. v. Newspaper Agency Corp., Inc.,* 879 P.2d 253, 259 (Utah 1994). "Proper statutory construction requires that the statutes be harmonized wherever possible. . . ." *Glenn v. Ferrell,* 5 Utah 2d 439, 443, 304 P.2d 380, 383 (1956).

■ A plain reading of the statute indicates that a defendant's failure to appear triggers the bail forfeiture process, which requires a contemporaneous minute entry by the trial court and timely notice by the prosecuting attorney to the surety that the defendant failed to appear. Sureties are entitled to a reasonable opportunity to apprehend a bailed defendant before the trial court orders forfeiture and execution on the bail. *See* Utah Code Ann. § 77–20a–3 (1995). The prompt entry of a criminal defendant's failure to appear and ensuing notice to the surety within sixty days is consistent with another statutory provision that gives sureties authority to arrest or apprehend the accused and bring him or her to court while there is still time to have bail exonerated. *See id.* § 77–20–8.5. The sooner the surety has notice of a failure to appear, the sooner the surety can commence efforts to locate the defendant.

Beehive also contends the district court did not wait the statutory time period before collecting or executing on the bail. The applicable statute provides that once notice has been given to the surety:

> (1) Judgment upon the bail shall be entered against the surety in the amount of the bail filed with the county jail or with the clerk of the court in not less than 60 days after the mailing or service of the notice of the defendant's failure to appear to the surety. . . .
>
> . . . .
>
> (2) *Execution on a judgment upon the bail may not issue in less than 90 days after the completion of the mailing or service of a notice of entry of judgment upon the surety.*

*Id.* § 77–20a–2 (emphasis added).

■ Thus, any time after sixty days have elapsed following notice to the surety regard-

ing a defendant's failure to appear, the court may enter judgment upon the bail. *Id.* § 77–20a–2(1). The surety then has another ninety days after entry of judgment in which to bring a defendant to the court before the judgment can be executed upon. *See id.* §§ 77–20a–2(2), 77–20a–6. If the surety is able to bring the defendant to court before execution may begin, the judgment upon the bail is set aside and the surety is absolved of liability. *See id.* § 77–20a–3.

### Aguilar and Sinclair

■ In the cases of defendants Aguilar and Sinclair, the court did not make contemporaneous minute entries after the defendants failed to appear, and Beehive did not receive notice of their failure to appear within sixty days of when the minute entries should have been made as required by section 77–20a–1. The docket sheets indicate that in both cases more than six months elapsed after defendants' failure to appear before the court made minute entries of nonappearance. Respondents contend that it is difficult, administratively, for the court to immediately enter a defendant's failure to appear in its minutes. While we do not interpret the statute to require immediate entry of failure to appear, and need not in this case prescribe an absolute minimum, such an entry of nonappearance must at least be made within a few days of the occurrence, followed by a timely notice from the prosecutor to the surety. Because entry of failure to appear was made well beyond such a time frame and Beehive did not receive timely notice of Aguilar's and Sinclair's failure to appear, bail must be exonerated for these two defendants. *See id.* § 77–20a–1(3).

### Powell and Johnson

■ Beehive concedes it received timely notice of Powell's failure to appear. Beehive contends it did not receive timely notice of Johnson's failure to appear on December 15, 1994. However, the docket entry of that date merely states "Ended tracking of Pro-

bation (Court)[.] Ended tracking of Two Week Extension." Such an entry does not establish that Johnson failed to make a court appearance at that time, and we do not have the record or a transcript before us to provide further information. The docket sheet does indicate, however, that on February 21, 1996, Johnson failed to appear for a bond hearing. The next day, the court made a minute entry reflecting the failure to appear, forfeiture of bail, and notice to surety. Thus, on the information before us, Beehive did receive timely notice of Johnson's failure to appear. In the cases of both Powell and Johnson, judgment upon the bail was therefore properly entered more than sixty days after contemporaneous minute entries and prompt notice to Beehive of defendants' failure to appear. *See* Utah Code Ann. § 77–20a–2(1) (1995).

■ In both cases, however, bond was ordered forfeited before ninety days had elapsed from the notice of entry of judgment upon the bail. Section 77–20a–2(2) makes clear that "[e]xecution on a judgment upon the bail may not issue in less than 90 days after the completion of the mailing or service of a notice of entry of judgment upon the surety." Thus, the trial court prematurely ordered the bonds forfeited before the statutory time for execution on the bond. The order of execution is therefore set aside.[2]

■ Beehive also argues that section 77–20a–2 of the Bail Forfeiture Procedure Act prohibits the court from filing the abstracted judgments before ninety days elapsed from notice of entry of judgment upon the bail. Beehive claims that filing an abstract of judgment, which creates a lien on the judgment debtor's property, *see* Utah Code Ann. § 78–22–1 (1996), is tantamount to execution before the statutory ninety-day period elapses. We disagree. "Recording a judgment is not the same as execution on a judgment." *Kiker v. National Structures, Inc.*, 342 So.2d 746, 748 (Ala.1977). "Recordation of an abstract of judgment merely creates a lien upon real property of the judgment debtor . . .

---

**2.** Although the court acted prematurely, there is no basis to exonerate bail for this error. Because of the premature order forfeiting bail, Beehive is entitled to have the balance of the ninety-day time period pursuant to Utah Code Ann. §§ 77–20a–2, –3 (1995), to produce defendants and exonerate bail.

such recordation is not an execution upon a judgment." *Industrial Indem. Co. v. Levine*, 49 Cal.App.3d 698, 122 Cal.Rptr. 712, 713 (1975). Filing an abstract of judgment, therefore, does not constitute execution on a judgment.

### CONCLUSION

We conclude that Beehive did not receive timely notice of Aguilar's and Sinclair's failure to appear. We remand to have the district court exonerate bail for Aguilar and Sinclair. Additionally, we set aside the premature execution on the bail posted for Powell and Johnson. Beehive is entitled to what remains of the ninety-day period to produce those defendants and exonerate bail pursuant to statute.

BILLINGS and ORME, JJ., concur.