2011 UT App 339

STATE of Utah, Plaintiff and Appellee,

v.

David Wayne CORNWELL, Defendant.

Amy Griffin, Other Party and Appellant.

No. 20110516–CA.

Court of Appeals of Utah.

Oct. 6, 2011.

Amy Griffin, Provo, Appellant Pro Se.

Mark L. Shurtleff and Marian Decker, Salt Lake City, for Appellee.

Before Judges McHUGH, THORNE, and CHRISTIANSEN.

DECISION

PER CURIAM:

¶ 1 Amy Griffin seeks to appeal the trial court's order denying her motion to exonerate bail that she posted for David Cornwell. This is before the court on its own motion for summary disposition based on lack of jurisdiction. Griffin did not respond.

¶ 2 Cornwell failed to appear for a court appearance and the trial court ordered bail forfeited. Griffin later moved for bail to be exonerated, which motion was denied. Griffin filed a notice of appeal from the denial of her motion to exonerate bail.

¶ 3 Currently, Cornwell is in custody but has not been convicted. Accordingly, there is no final order in a criminal case from which to appeal. *See State v. Bowers*, 2002 UT 100, ¶ 4, 57 P.3d 1065 (noting that the sentence is the final order in a criminal case). A bond forfeiture order on its own is not directly appealable. *See Heninger v. Ninth Cir. Ct.*, 739 P.2d 1108, 1109 (Utah 1987); *Beehive Bail Bonds v. Fifth Dist. Ct.*, 933 P.2d 1011, 1012–13 (Utah Ct.App.1997). "Bail forfeiture is not directly appealable where ... there is no appeal of [a] criminal

conviction[ ]. In such circumstances, bail forfeiture may properly be pursued by extraordinary writ." *Beehive Bail Bonds,* 933 P.2d at 1012–13.

¶ 4 Because there is no final order and this matter has not been raised by extraordinary writ, this court lacks jurisdiction. *See Bradbury v. Valencia,* 2000 UT 50, ¶ 9, 5 P.3d 649. Accordingly, we must dismiss the appeal. *See id.,* ¶ 8.

¶ 5 Dismissed.