2004 UT 74

**STATE of Utah, Plaintiff and Petitioner,**

v.

**SUN SURETY INSURANCE COMPANY, Surety and Respondent;**

**Delfino Fernandez Cadena, Defendant.**

**No. 20030354.**

Supreme Court of Utah.

Aug. 27, 2004.

Mark L. Shurtleff, Att'y Gen., Christopher D. Ballard, Asst. Att'y Gen., David S. Walsh, Salt Lake City, for petitioner.

David M. Cook, Salt Lake City, for respondent.

WILKINS, Associate Chief Justice:

¶ 1 The State of Utah petitioned this court for a writ of certiorari to review the court of appeals' reversal of the district court's refusal to set aside forfeiture of Sun Surety Insurance Company's ("Sun") bail bond. We vacate the order of the court of appeals for lack of jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

¶ 2 Scott D. Candland, the local agent for Sun, issued an appearance bail bond on behalf of Delfino Fernandez Cadena, the defendant in this criminal action. Sun was the surety listed on the bail bond. When Cadena failed to appear for arraignment, the district court commenced bail forfeiture proceedings.

¶ 3 A notice of Cadena's failure to appear was mailed to Candland's office, as agent for Sun, but not to Sun directly. When Cadena failed to appear in court within the required six months, the district court entered a judgment forfeiting the bond.

¶ 4 Other than by service to Sun's agent Candland, Sun did not learn of the bail bond forfeiture directly until a month after the forfeiture judgment was entered by default. Sun then filed a motion to set aside the default judgment on grounds that it received no notice of the bail bond forfeiture. The district court denied Sun's motion, ruling that "service on the agent is effective as service on the surety itself."

¶ 5 Sun appealed the district court's ruling and the court of appeals reversed, concluding that the plain language of Utah Code section 77–20b–101 required that notice be sent to Sun at its out-of-state headquarters address, as listed on the bond, and not to Sun's agent Candland at his Utah address. *State v. Sun Sur. Ins. Co.*, 2003 UT App 55, ¶¶ 5–6, 2003 WL 21295845. The court of appeals concluded that "the trial court erred in interpreting section 77–20b–101 to allow notice to the bail bondsman and not the surety listed on the face of the bond." *Id.* at ¶ 6.

¶ 6 On appeal, the State contends that a bail bond surety is not a party to the under-

lying criminal case and as such cannot bring an independent direct appeal of a bond forfeiture order in the criminal case. As a result, the State argues that the court of appeals lacked jurisdiction to entertain the appeal at all. In the alternative, the State contends that if jurisdiction existed, the court of appeals erred by refusing to follow this court's previous holdings that an agent's knowledge is imputed to his principal.

## STANDARD OF REVIEW

¶ 7 "On certiorari, we review the decision of the court of appeals, not the decision of the trial court." *State v. Harmon*, 910 P.2d 1196, 1199 (Utah 1995). Questions of subject matter jurisdiction, because they are threshold issues, may be raised at any time and are addressed before resolving other claims. *Hous. Auth. v. Snyder*, 2002 UT 28, ¶ 11, 44 P.3d 724. Because this case is fully resolved by our analysis of the jurisdiction question, we do not address the alternative argument raised by the State.

## ANALYSIS

¶ 8 The dispositive question presented is whether a surety can bring an independent direct appeal of a bond forfeiture order in a criminal case when the defendant in the same action takes no appeal. The answer is no.

¶ 9 A surety cannot bring a direct appeal in a criminal case because it is not a party to the criminal case. While Sun certainly had an interest in the proceedings as the surety behind the bail bond, only the state and the defendant are actual parties to the criminal action. *State v. Harrison*, 2001 UT 33, ¶ 30, 24 P.3d 936. Because Sun was not a party, an independent direct appeal was improper. Moreover, "[w]here an appeal is not properly taken, [an appellate] court lacks jurisdiction and ... must dismiss." *Bradbury v. Valencia*, 2000 UT 50, ¶ 8, 5 P.3d 649. Consequently, the court of appeals lacked jurisdiction to decide this

matter, and should have dismissed it without reaching the merits of the appeal.[1]

## CONCLUSION

¶ 10 The order of the court of appeals is vacated and the appeal dismissed for lack of jurisdiction.

¶ 11 Chief Justice DURHAM, Justice DURRANT, Justice PARRISH, and Justice NEHRING concur in Associate Chief Justice WILKINS' opinion.

1. Rather than an independent direct appeal, the proper remedy for a non-party surety who seeks to appeal a bail bond forfeiture order is an extraordinary writ. As we noted in *Heninger v. Ninth Circuit Court*, 739 P.2d 1108 (Utah 1987), "a bond forfeiture order is reviewable on appeal from a final judgment [of criminal conviction by the defendant], but standing alone, the order is not appealable." *Id.* at 1109. Where there is no appeal of the criminal conviction, no direct appeal of the bond forfeiture order is available and the proper remedy is an extraordinary writ. *Id.*