2009 UT 35

**STATE of Utah, Plaintiff and Appellee,**

v.

**Brandon R. LANE, Defendant and Appellee,**

**Peggy Hay and Patricia Hay, Victims and Appellants.**

Nos. 20070878, 20061126.

Supreme Court of Utah.

June 12, 2009.

Mark L. Shurtleff, Att'y Gen., Christopher D. Ballard, Asst. Att'y Gen., Salt Lake City, for the State.

James H. Faust, Todd R. Mecham, Salt Lake City, for Lane Heidi M. Nestel, Salt Lake City, for the Hays Paul G. Cassell, Douglas E. Beloof, Margaret Garvin, Salt Lake City, amicus National Crime Victim Law Institute.

Brent M. Johnson, Salt Lake City, for Honorable John R. Anderson.

DURHAM, Chief Justice:

## INTRODUCTION

¶ 1 Appellants, Peggy Hay and Patricia Hay (collectively, the Victims), appeal the district court's grant of Defendant/Appellee Brandon R. Lane's Motion to Dismiss his plea in abeyance.[1] Neither the State nor Lane appealed the dismissal; thus we must determine whether the Victims may independently appeal the dismissal of Lane's plea in abeyance. We hold that they cannot because no party to the case appealed the lower court's dismissal of the case and the dismissal deprives the Victims of standing. Therefore, we dismiss the appeal in its entirety.

## BACKGROUND

¶ 2 On February 19, 2005, the Victims and their husbands, brothers Dan and John Hay, were traveling eastbound on Highway 40 near Duchesne. The Victims were riding in the back seat of the vehicle, and their spouses were riding in the front of the vehicle. Lane was traveling westbound on the same two-lane highway.

¶ 3 While traveling at an excessively high speed, despite the wet and foggy conditions of the morning, Lane moved into oncoming traffic in an attempt to pass a semi truck. Lane's vehicle collided head on with the vehicle driven by John Hay. As a result of the collision, both John Hay and Dan Hay died at the scene of the accident. Peggy Hay suffered life-threatening injuries and Patricia Hay sustained serious injuries.

¶ 4 On July 15, 2005, criminal charges were filed against Lane, including two counts of negligent homicide, a class A misdemeanor. Lane was arraigned on August 15, 2005. Following the arraignment, the Victims and their families made regular contact with investigating and prosecuting agencies, requesting updates of any new developments.

---

1. Following oral argument, we requested supplemental briefing on the issue of jurisdiction. The Victims attached to their supplemental brief a document entitled "Petition, in the Alternative, for Extraordinary Relief Under Utah Rule of Civil Procedure 65B." Procedurally, it was improper for the Victims to request extraordinary relief within this criminal appeal. The petition should have been filed separately as a civil case under Rule 65B, with the district court named as respondent. Accordingly, the petition is not a proper part of this appeal and we decline to address it.

Also on August 15 the Victims allege[2] that Lane's attorney mailed a letter to the prosecutor in which a plea agreement was discussed and the date of September 12, 2005, was acknowledged as the date the plea agreement would be finalized during Lane's sentencing hearing.

¶ 5 On August 31, 2005, the Duchesne County prosecutor, Karen Allen, met with the Victims to discuss the emerging plea bargain between Lane and the State. The Victims allege that during the meeting, the prosecutor "deliberately deceived and misled the victims as to what the plea bargain would be, when the plea would be taken, and what consequences [Lane] would have as a result of the plea." Specifically, the Victims assert that the prosecutor advised them that only one count of negligent homicide would be held in abeyance, the term of abeyance would be three years, and Lane would plead guilty to the second count of negligent homicide and be sentenced on that charge.

¶ 6 During this meeting, the Victims notified the prosecutor that they wanted to address the court and that they would be requesting restitution. The Victims claim that the prosecutor told them they could read victim impact statements at the sentencing hearing, which would likely be in January 2006. They also claim the prosecutor told them that the hearing scheduled for September 12, 2005, was only a status hearing and that they need not attend.

¶ 7 On September 12, Lane entered into a plea agreement in which he pled guilty to the two counts of negligent homicide, among other charges. The agreement specified that the plea would be held in abeyance for a period of twelve months, after which time Lane would be allowed to withdraw his guilty pleas and have the case dismissed with prejudice. Along with other terms, Lane agreed to pay $1,500 in restitution, and the State agreed not to pursue any further restitution.

¶ 8 At the plea hearing, the prosecutor advised the court that $1,500 would not be sufficient to cover the Victims' losses, which totaled "over a million dollars" at the time of the hearing, and that the Victims would likely view the restitution amount as "a slap in the face." In response, the court converted the $1,500 into a plea in abeyance fee. However, the district court ultimately awarded no restitution to the Victims. The Victims were not present at the hearing and were not given an opportunity to be heard during Lane's sentencing.

¶ 9 Once the Victims learned that a plea agreement had been entered and that the terms of that agreement were materially different from their understanding based on the representations of the prosecutor, they filed a complaint with the Eighth District Victims' Rights Committee. The Eighth District eventually transferred the complaint to the Third District Victims' Rights Committee due to a conflict of interest. The Third District Victims' Rights Committee concluded that the Victims' rights had been violated: the Victims were not treated with fairness, dignity, and respect; they were deprived of their right to be present and heard; and they were stripped of their right to restitution.

¶ 10 Relying on the findings of the Victims' Rights Committee, on August 3, 2006, the Victims filed in the district court a Motion to Set Aside Plea and for Evidentiary Hearing claiming that their rights had been violated and that the plea in abeyance was illegal because the prosecutor cannot waive a victim's right to restitution.

¶ 11 After staying the plea in abeyance for approximately three months to allow the Victims time to file a memorandum in support of their motion, the district court entered an order on November 9, 2006, denying the motion. On November 20, 2006, the district court held a teleconference between the parties in order to allow the Victims the opportunity to express their views regarding Lane's sentencing but advised the parties that the court had previously ruled definitively on the plea. On December 6, 2006, the Victims appealed from the district court's denial of their motion. The case was accepted by the court of appeals on December 20,

2. Our description of the allegations is largely taken from the Victims' brief. Because no evidentiary hearing was held below, the information concerning the allegations is derived from the Victims' own affidavits filed in support of their motions below.

2006. The district court agreed to continue to stay the abeyance period while the Victims pursued their appeal.

¶ 12 In June 2007, while the Victims' appeal was pending, Lane filed in the district court a Motion to Dismiss his plea in abeyance with prejudice pursuant to Utah Code section 77–2a–2(5). The pertinent portion of the statute reads, "A plea shall not be held in abeyance for a period longer than 18 months if the plea was to any class of misdemeanor." Utah Code Ann. § 77–2a–2(5) (2008). In accordance with the statute, the district court granted Lane's motion and dismissed the case with prejudice because Lane's pleas had been held in abeyance for more than eighteen months. The Victims also appealed this order. Neither Lane nor the State appealed from any of the district court's rulings. The court of appeals consolidated both appeals and certified the case to this court. Following oral arguments, all participants submitted supplemental briefing on the issue of jurisdiction.

## ISSUE

¶ 13 The issue of whether the Victims can independently appeal from a dismissal of Lane's plea in abeyance is dispositive; therefore, we do not reach any other issues.

## STANDARD OF REVIEW

■ ¶ 14 Because this appeal asks us to analyze whether the Victims themselves can appeal from a dismissal of a plea in abeyance, we must interpret the meanings of the Victims' Rights Amendment[3] of the Utah Constitution and sections of the Rights of Crime Victims Act. *See* Utah Code Ann. §§ 77–38–1 to –14 (2008). "[I]nterpreting the Utah Constitution and the Utah Code presents questions of law, [and] we review these questions for correctness...." *State v. Casey,* 2002 UT 29, ¶ 19, 44 P.3d 756.

## ANALYSIS

■ ¶ 15 Threshold questions in any case on appeal are whether there is an actual controversy and whether the appellants have standing to pursue the appeal. In this case we do not proceed past these threshold considerations because (1) the dismissal of the case below and failure of either party to the case to appeal renders this appeal moot, and (2) even if the appeal were not moot, the Victims' Rights Amendment of the Utah Constitution and the Rights of Crime Victims Act specifically prohibit the Victims from appealing any criminal judgment.

## I. THE CASE IS MOOT DUE TO THE FAILURE OF EITHER PARTY TO THE CASE TO APPEAL THE DISMISSAL

■ ¶ 16 A victim is not a party to a criminal case and is not afforded the right to appeal the dismissal of a criminal judgment. Under the Utah Code of Criminal Procedure, an appeal is proper when filed by either the defendant or the prosecution. *See* Utah Code Ann. § 77–18a–1 (2008). Specifically, among other matters, the defendant may appeal from "a final judgment of conviction, whether by verdict or plea," and the prosecution may appeal from "a final judgment of dismissal ... [or] an order granting a motion to withdraw a plea of guilty." *Id.*

■ ¶ 17 Only the State and the defendant are actual parties to a criminal action. For example, in *State v. Harrison,* 2001 UT 33, 24 P.3d 936, we held that it was error for the trial court to allow the guardian ad litem to participate in a criminal trial because the victim was not a party to the case. *Id.* ¶ 30. Additionally, in *State v. Sun Surety Insurance Co.,* 2004 UT 74, 99 P.3d 818, we held that because the surety company was not a party to the criminal case, "an independent direct appeal was improper." *Id.* ¶ 9.

■ ¶ 18 Moreover, if a case is dismissed and neither party appeals, the dismissal is final, the case is moot, and any appeal by a nonparty is moot. "[W]e will not adjudicate issues when the underlying case is moot. 'A case is deemed moot when the

---

**3.** "Although Article I, Section 28 of the Utah Constitution is titled 'Declaration of the rights of crime victims,' it is commonly referred to as the Victims' Rights Amendment." *State v. Casey,* 2002 UT 29, ¶ 18 n. 5, 44 P.3d 756.

requested judicial relief cannot affect the rights of the litigants.'" *Ellis v. Swensen,* 2000 UT 101, ¶ 25, 16 P.3d 1233 (quoting *Burkett v. Schwendiman,* 773 P.2d 42, 44 (Utah 1989)). "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Baker v. Stevens,* 2005 UT 32, ¶ 9, 114 P.3d 580 (quoting *Richards v. Baum,* 914 P.2d 719, 720 (Utah 1996)) (internal quotation marks omitted).

¶ 19 Here, no party to the case appealed. Lane did not appeal the withdrawal of his guilty plea or the dismissal of his plea in abeyance. The State failed to appeal and conceded as much at oral argument before this court. The Victims were not parties to the case. Accordingly, because neither party to the case appealed the dismissal of the plea in abeyance, the order below is final and this appeal is moot. Because the case that forms the basis for both of the motions from which the Victims appeal is moot, our dismissal applies to both the Victims' appeal of the denial of their Motion to Set Aside the Plea in Abeyance and their appeal of the district court's grant of Lane's Motion to Dismiss the plea in abeyance.

## II. THE UTAH VICTIMS' RIGHTS AMENDMENT PROHIBITS THE VICTIMS FROM APPEALING THE DISMISSAL OF THE PLEA IN ABEYANCE

■ ¶ 20 Even if the case were not moot, the Victims lack standing to appeal the dismissal of Lane's plea in abeyance because they are barred by the express language of the Utah Constitution. *See* Utah Const. art. I, § 28.

¶ 21 The Victims' Rights Amendment of the Utah Constitution sets forth the general rights of crime victims. *Id.* Those rights include the right "[t]o be treated with fairness, respect, and dignity ... throughout the criminal justice process." *Id.* at (1)(a). These rights are further implemented by title 77, chapter 38 of the Utah Code. Utah Code Ann. §§ 77–38–1 to –14 (2008). That chapter, formally titled the Rights of Crime Victims Act, specifies the various ways in which crime victims in this state are to be treated and recognized during criminal proceedings. *See id.*

¶ 22 In examining the Victims' Rights Amendment and the Rights of Crime Victims Act, we respect "the analytical hierarchy relative to constitutions and statutes." *State v. Casey,* 2002 UT 29, ¶ 20, 44 P.3d 756. We first consider the Victims' Rights Amendment and "scrutinize the plain meaning of the constitutional provision. We need not inquire beyond the plain meaning of the amendment unless we find it ambiguous." *Id.* (internal citation omitted). We then review the Rights of Crime Victims Act. "As with our constitutional analysis, we look first to the plain meaning of the statute[ ] and go no further unless [it is] ambiguous." *Id.*

¶ 23 Read together, the language of both the Victims' Rights Amendment and the Rights of Crime Victims Act does much to balance the treatment of victims in criminal cases with that afforded to defendants. However, the rights afforded to crime victims pursuant to the constitutional amendment and corresponding statutes were drafted so as to not infringe on the constitutional protections belonging to defendants. Specifically, the Victims' Rights Amendment states, "Nothing in this section shall be construed as creating a cause of action for ... or relief from any criminal judgment." Utah Const. art. I, § 28(2). Additionally, although the Rights of Crime Victims Act states that a victim of a crime may appeal an adverse ruling in a few limited scenarios, Utah Code Ann. § 77–38–11, the plain language also specifies that the Act itself "may not be construed as creating a basis for ... vacating any ... plea of guilty ... or for appellate ... relief from a judgment in any criminal ... case." Utah Code Ann. § 77–38–12(2).

¶ 24 As applied here, the plain language of the constitutional amendment and the Rights of Crime Victims Act—both intended to assist crime victims—actually prohibits the Victims from pursuing the relief they seek in this case. The order allowing Lane to withdraw his guilty pleas and dismissing his case with prejudice is a criminal judgment that

the Victims are constitutionally and statutorily barred from challenging. *See Casey*, 2002 UT 29, ¶ 46, 44 P.3d 756 (Wilkins, J., concurring) ("The defendant's plea, *once accepted by the court and sentence imposed*, is a criminal judgment.").

¶ 25 We note that while the Victims rely on *Casey* for their argument that a misplea should be entered, contrary to the district court's denial of their Motion to Set Aside the Plea, such reliance is misplaced. In *Casey*, we held that the victim had been denied the right to be heard but that the district court had remedied this error appropriately. 2002 UT 29, ¶ 2. There, the victim filed two motions to set aside the plea bargain following the entry of the defendant's plea because the victim had not been afforded the opportunity to be heard at the change of plea hearing. *Id.* ¶¶ 1–2. Although the trial court denied both motions, the court did " 'informally' reopen the plea hearing," *id.* ¶ 12, to accept testimony from the victim regarding the inadequacy of the plea bargain. *Id.* ¶ 10. We held that while the victim's rights had been violated and thus the victim "was entitled to appellate review of the district court's ruling related to" the right to be heard, the "court remedied its initial violation of [the victim's] right to be heard ... by reopening the plea hearing and receiving testimony...." *Id.* ¶ 17.

¶ 26 *Casey* is distinguishable from the present case on two points. First, the criminal case in *Casey* was not moot on appeal. The defendant's plea had not been withdrawn and the case against him had not been dismissed with prejudice. Second, the appeal in *Casey* related solely to the victim's motions to set aside the plea. There, the victim was not appealing from the dismissal of the case against the defendant. In contrast, the Victims in the present case are appealing from both the denial of their motion to set aside the plea and the grant of Lane's motion to dismiss his plea.

¶ 27 Once more, "our hands are tied by the same constitutional and statutory provisions that gave [the Victims their] right to be

heard." *Casey*, 2002 UT 29, ¶ 48 (Wilkins, J., concurring). Even aside from the mootness of this appeal, the Victims lack standing once a criminal judgment has been rendered because they are barred by the very provisions that were enacted to help them. Under the Victims' Rights Amendment and the Rights of Crime Victims Act, the dismissal of Lane's plea bargain is a criminal judgment from which the Victims cannot seek appellate relief.

## CONCLUSION

¶ 28 We note that the allegations of fraud asserted by the Victims in this case against the prosecutor are serious and troubling. If such allegations are true, they would warrant investigation in another, more appropriate setting.[4] However, the Victims' Rights Amendment to the Utah Constitution and the Rights of Crime Victims Act preclude judicial relief in the actual criminal case once it has been dismissed. We hope and expect that the trial courts will continue to be vigilant in their efforts to recognize crime victims' constitutional rights and ensure those rights are protected and upheld in a timely fashion during the trial process.

¶ 29 We hold that the appeal is moot where the case was dismissed below and no party to the case filed an appeal, and that the Victims lack standing to appeal the dismissal of Lane's plea in abeyance because the Victims' Rights Amendment and the Rights of Crime Victims Act bar the Victims from pursuing the relief sought here. We therefore dismiss the appeal.

¶ 30 Associate Chief Justice DURRANT, Justice WILKINS, Justice PARRISH, and Justice NEHRING concur in Chief Justice DURHAM'S opinion.

---

4. Alternative avenues of relief may be available to the Victims, including a complaint filed with the Office of Professional Conduct of the Utah State Bar or a grand jury complaint. These avenues are wholly within the discretion of the Victims to pursue.