2010 UT App 109

**David C. JURICIC, Plaintiff and Appellant,**

v.

**AUTOZONE, INC., Defendant and Appellee.**

**No. 20090140–CA.**

Court of Appeals of Utah.

April 29, 2010.

---

David J. Holdsworth, Sandy, for Appellant.

Michael Patrick O'Brien, Salt Lake City, for Appellee.

Before Judges DAVIS, ORME, and VOROS.

## MEMORANDUM DECISION

VOROS, Judge:

¶ 1 David C. Juricic appeals the trial court's entry of summary judgment in favor of Autozone, Inc. Juricic's complaint sought a declaratory judgment that several of Autozone's employee policies violate Utah law. Juricic also sought reimbursement for costs he incurred in complying with Autozone's dress code. We affirm.

¶ 2 On appeal, Juricic first contends that the trial court erred in determining that Au-

tozone's dress code does not require employees to wear a "uniform" as defined in Utah Administrative Code rule 610–3–21(A). Juricic also contends that the trial court erred by ruling that Autozone's "use it or lose it" vacation policy complies with Utah Administrative Code rule 610–3–4(B)(1). Finally, Juricic contends that the trial court erred in ruling that Autozone's moonlighting policy complies with Utah law.

¶ 3 Juricic was employed by Autozone from 1997 to 2008. In 2002, he filed a wage claim with the Utah Labor Commission (the Commission) seeking reimbursement for the costs of his work clothes. The Commission rejected his claim on the merits. Juricic appealed this ruling to the district court, which dismissed the claim for failure to prosecute. Juricic did not appeal this dismissal. Instead, in November 2007 he filed the instant action seeking reimbursement and declaratory relief. While the case was pending, Juricic "voluntarily retired" from Autozone. In January 2009, the trial court entered summary judgment against Juricic, ruling that the challenged policies comply with applicable law.

¶ 4 First, Juricic seeks reimbursement pursuant to Utah Administrative Code rule 610–3–21(A) for ten years' worth of expenses he incurred in buying clothing to comply with Autozone's dress code. That section provides, "Where the wearing of uniforms is a condition of employment, the employer shall furnish the uniforms free of charge." Utah Admin. Code R610–3–21(A). A uniform is "any article of clothing, footwear, or accessory of a distinctive design or color required by an employer to be worn by employees," *id.* R610–3–21(A)(1), and includes "[a]n article of clothing which is associated with a specific employer by virtue of an emblem (logo) or distinctive color scheme," *id.* R610–3–21(A)(2). Autozone's dress code policy required employees such as Juricic to wear red knit golf shirts of unspecified shade. In addition, employees were required to wear black pants or skirts, black shoes, and black belts. The dress code did not require employees to wear any clothing bearing Autozone's trademarked logo. Nor

did the dress code limit or prescribe where employees could purchase their clothing.

 ¶ 5 Based on the foregoing, we conclude that Autozone's dress code did not require a "uniform" as that term is defined in Utah Administrative Code rule 610–3–21(A). The combination of black pants, black belts, black shoes, and an ordinary off-the-rack golf shirt of any shade of red not bearing an emblem or logo does not constitute clothing of a "distinctive design or color," *id.* R610–3–21(A)(1). Further, we will defer to an administrative agency's interpretation of its own rule "if it is a reasonable interpretation of the regulatory language." *State v. Mooney*, 2004 UT 49, ¶ 24, 98 P.3d 420. In Juricic's 2002 wage claim, the Commission reasonably determined that Autozone's dress code did not require a "uniform" under Utah Administrative Code R610–3–21(A)–a rule it promulgated. Accordingly, we affirm the trial court's ruling that Juricic is not entitled to reimbursement for money spent on this clothing.[1]

 ¶ 6 Autozone contends that Juricic's remaining claims are moot. We agree. "[W]e will not adjudicate issues when the underlying case is moot. A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *State v. Lane*, 2009 UT 35, ¶ 18, 212 P.3d 529 (alteration in original) (internal quotation marks omitted). "An appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Cedar Moun-*

*tain Envtl. v. Tooele County*, 2009 UT 48, ¶ 20, 214 P.3d 95 (internal quotation marks omitted). The fact that Juricic is seeking declaratory relief does not exempt his claim from application of the mootness doctrine. *See Miller v. Weaver*, 2003 UT 12, ¶ 16, 66 P.3d 592 (stating that a plaintiff seeking declaratory relief must "show that the justiciable . . . elements requisite in ordinary actions are present"); *see also* Utah Code Ann. § 78B–6–408 (2008) (allowing only persons whose rights are affected to request declaratory relief).

 ¶ 7 Here, Juricic seeks a declaration from this court that three of Autozone's employment policies violate Utah law. However, Juricic has not been employed by Autozone since 2008. Because the relief he seeks would not affect his rights, we cannot provide any meaningful relief. While Juricic might be correct in stating that a decision in this case would "potentially affect . . . many thousands of employees in Utah," it would not affect him.[2] His claim for declaratory relief is therefore moot.

¶ 8 Affirmed.

¶ 9 WE CONCUR: JAMES Z. DAVIS, Presiding Judge and GREGORY K. ORME, Judge.

---

**1.** We note that the Commission's rejection of Juricic's wage claim in 2002 would seem to invite an affirmance on res judicata grounds here. *See Career Serv. Review Bd. v. Utah Dep't of Corr.*, 942 P.2d 933, 938 (Utah 1997) (stating that res judicata applies to administrative agency decisions when the agency is acting in a judicial capacity). Our review of the record, however, indicates that res judicata was never raised below and, as an affirmative defense, was therefore waived. *See* Utah R. Civ. P. 8(c), 12(h).

**2.** We will occasionally address moot issues under the "public interest exception" to the mootness doctrine. *See Ellis v. Swensen*, 2000 UT 101,

¶ 25, 16 P.3d 1233. The public interest exception applies to a moot issue when the issue "affects the public interest, is likely to recur in a similar manner, and, because of the brief time any one person is affected, would otherwise likely escape judicial review." *Wickham v. Fisher*, 629 P.2d 896, 899 (Utah 1981). Any current Autozone employee remains free to challenge Autozone's policies and, therefore, "application of the mootness doctrine [would not] repeatedly frustrate review" of this issue, *see Ellis*, 2000 UT 101, ¶ 27, 16 P.3d 1233. Thus, application of the public interest exception is not warranted here.