2011 UT App 50

**In the matter of the ADOPTION OF M.J.B., a minor.**

**R.C.R., Appellant,**

v.

**M.A.B., Appellee.**

**No. 20100055–CA.**

Court of Appeals of Utah.

Feb. 17, 2011.

Michael P. Studebaker, Ogden, for Appellant.

David Pedrazas, Salt Lake City, for Appellee.

Before Judges ORME, THORNE, and CHRISTIANSEN.

## AMENDED MEMORANDUM DECISION [1]

THORNE, Judge:

¶ 1 R.C.R. attempts to appeal from the district court's Decree of Adoption, which

---

1. This Amended Memorandum Decision replaces the Memorandum Decision in Case No. 20100055–CA issued on January 6, 2011.

terminated his parental rights in M.J.B. and permitted M.J.B.'s adoption by M.A.B. (Husband). We dismiss R.C.R.'s appeal for lack of standing.

¶ 2 S.S.B. (Mother) and Husband have been married since 1998. On May 1, 2008, Mother gave birth to M.J.B. It is undisputed for purposes of this appeal that R.C.R. is M.J.B.'s biological father and that R.C.R. filed a paternity action in September 2009. After Mother was served with R.C.R.'s action, Husband initiated this separate adoption proceeding relating to M.J.B. Husband's adoption petition identified R.C.R. as M.J.B.'s biological father and sought to have R.C.R.'s parental rights terminated. However, R.C.R. was not named as a party to the adoption proceeding nor, apparently, was he given notice of it. On December 10, 2009, the district court entered its Decree of Adoption terminating R.C.R.'s parental rights and declaring Husband to be M.J.B.'s adoptive father.[2]

¶ 3 When R.C.R. became aware of the Decree of Adoption, he did not attempt to intervene in the adoption proceeding and seek relief from the Decree of Adoption in the district court. Instead, he filed a timely notice of appeal in the adoption proceeding, seeking to challenge the Decree of Adoption in the appellate courts. R.C.R.'s arguments against the Decree of Adoption center on the interplay between R.C.R.'s paternity action and Husband's adoption proceeding. Specifically, R.C.R. argues that he protected his parental rights by initiating a paternity action; that the district court erred when it entered the Decree of Adoption despite R.C.R.'s pending paternity action; that entry of the Decree of Adoption based on the assertions of Mother and Husband violated R.C.R.'s due process rights to contest those assertions; and that when there are concurrent paternity and adoption proceedings involving the same child, rule 100(b) of the Utah Rules of Civil Procedure should require the courts handling the two proceedings to coordinate for possible consolidation, *see generally* Utah R. Civ. P. 100(b).

¶ 4 R.C.R. was not a party to the adoption proceeding below and did not attempt to intervene therein before filing his notice of appeal. Under these circumstances, R.C.R. has no standing to appeal the Decree of Adoption because he is not a party to the adoption proceeding. " '[A]n appellant generally must show *both* that he or she was a party or privy to the action below and that he or she is aggrieved by that court's judgment.' " *Chen v. Stewart*, 2005 UT 68, ¶ 50, 123 P.3d 416 (emphasis added) (quoting *Society of Prof'l Journalists v. Bullock*, 743 P.2d 1166, 1171 (Utah 1987)); *see also Society of Prof'l Journalists*, 743 P.2d at 1172 ("[T]he very reason for seeking appellate review by way of a writ is because the petitioner was not a party below and cannot appeal."). Here, the district court's termination of R.C.R.'s parental rights unquestionably aggrieved R.C.R., but merely being aggrieved by a court's order does not entitle a nonparty to bring a direct appeal of that order. *See, e.g., State v. Lane*, 2009 UT 35, ¶ 16, 212 P.3d 529 ("A victim is not a party to a criminal case and is not afforded the right to appeal the dismissal of a criminal judgment."); *Brigham Young Univ. v. Tremco Consultants, Inc.*, 2005 UT 19, ¶ 46, 110 P.3d 678 ("[N]onparties . . . cannot appeal the supplemental order."); *State v. Sun Sur. Ins. Co.*, 2004 UT 74, ¶ 9, 99 P.3d 818 (holding that surety company's "independent direct appeal" of a bond forfeiture was improper because the surety was not a party to the criminal case).

¶ 5 Thus, in order to directly appeal the Decree of Adoption, it was necessary for R.C.R. to become a party to the adoption proceeding below. The obvious avenue for R.C.R. to have become a party would have been a motion to intervene pursuant to rule 24 of the Utah Rules of Civil Procedure. *See* Utah R. Civ. P. 24. The granting of such a motion would have established R.C.R.'s status as a party entitled to a direct appeal, and even the denial of such a motion would have been appealable in its own right, *see Tremco Consultants, Inc.*, 2005 UT 19, ¶ 46 n. 7, 110

**2.** The transcript of the hearing on Husband's adoption petition indicates that the district court was aware of R.C.R.'s paternity action.

P.3d 678 ("The denial of a motion to intervene is an appealable order."). However, because R.C.R. failed to intervene or otherwise gain status as a party to the adoption proceeding below, his direct appeal of the Decree of Adoption is not properly taken. Accordingly, we dismiss R.C.R.'s appeal for lack of standing. *See Sun Sur. Ins. Co.*, 2004 UT 74, ¶¶ 9–10, 99 P.3d 818 (dismissing non-party's appeal as improperly taken). Dismissed.

¶ 6 WE CONCUR: GREGORY K. ORME, and MICHELE M. CHRISTIANSEN, Judges.