2013 UT App 273

**TRUSTEES OF The EIGHTH DISTRICT ELECTRICAL PENSION FUND and Utah Valley Electric, Inc., Plaintiffs and Appellants,**

v.

**WESTLAND CONSTRUCTION, INC., Defendant and Appellee.**

**No. 20120781–CA.**

Court of Appeals of Utah.

Nov. 21, 2013.

Judge GREGORY K. ORME authored this Memorandum Decision, in which Judge MICHELE M. CHRISTIANSEN and Senior Judge JUDITH M. BILLINGS concurred.[1]

Memorandum Decision

ORME, Judge:

¶ 1 The Trustees of the Eighth District Electrical Pension Fund (Pension Fund) and Utah Valley Electric, Inc. (Utah Valley) appeal the district court's order granting summary judgment in favor of Westland Construction, Inc. (Westland). We dismiss the appeal on mootness grounds.

¶ 2 "[W]e will not adjudicate issues when the underlying case is moot. A case is deemed moot when the requested judicial relief cannot affect the rights of the litigants." *State v. Lane*, 2009 UT 35, ¶ 18, 212 P.3d 529 (alteration in original) (citations and internal quotation marks omitted). Additionally, "[a]n appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Id.* (citations and internal quotation marks omitted). Indeed, mootness "can be determined by facts that change or develop as the suit is pending." *Salt Lake County v. Holliday Water Co.*, 2010 UT 45, ¶ 21, 234 P.3d 1105 (citation and internal quotation marks omitted).

¶ 3 In 2011, Utah Valley assigned all of its "rights, title and interest ... in its accounts receivable against Westland" to its creditor, Pension Fund. However, the district court subsequently concluded, among other things, that in light of the anti-assignment clause in Westland's subcontract with Utah Valley, this assignment of Utah Valley's claims to Pension Fund was void. *See SME Indus. v. Thompson*, 2001 UT 54, ¶¶ 11–12, 28 P.3d 669 ("[W]here a contract *expressly* states that the right to sue for breach of contract is non-assignable, full force and effect must be given to such provision.") (emphasis in original). Utah Valley did not chal-

Kenneth B. Grimes Jr., Attorney for Appellants.

Mark L. Poulsen, Attorney for Appellee.

---

1. The Honorable Judith M. Billings, Senior Judge, sat by special assignment as authorized by law. *See generally* Utah Code Jud. Admin. R. 11–201(6).

lenge this particular ruling of the district court in its opening brief. And "[i]t is well settled that issues raised by an appellant in the reply brief that were not presented in the opening brief are considered waived and will not be considered by the appellate court." *Allen v. Friel*, 2008 UT 56, ¶ 8, 194 P.3d 903 (citation and internal quotation marks omitted).

¶ 4 Following the district court's judgment, and while this appeal was pending, a sheriff's sale was held at which another of Utah Valley's creditors, QED, Inc., purchased "[a]ny and all claims, causes of action, choses in action, rights to payment, rights to compensation, actions, fines, damages, penalties, sanctions, costs or attorneys' fees, of every kind and nature ... which Utah Valley ... has or may have against Westland." It is undisputed that QED then sold these rights to Westland. The Utah Supreme Court has made clear that this is permissible, holding that a defendant may "purchase claims, i.e., choses in action, pending against itself and then move to dismiss those claims." *Applied Med. Techs., Inc. v. Eames*, 2002 UT 18, ¶ 13, 44 P.3d 699. Therefore, because QED purchased Utah Valley's claims against Westland and subsequently sold them to Westland, the claims are now extinguished and this court can provide no meaningful relief.[2]

¶ 5 Accordingly, we dismiss this appeal as moot.

---

**2.** Westland requested attorney fees below, but the district court did not award them. Westland now asks us to rule on the issue of attorney fees and to remand for calculation of all fees incurred, both below and on appeal. Unless an appeal is frivolous, *see* Utah R.App. P. 33, fees are typically awarded on appeal only when they were awarded below, *Robertson's Marine, Inc. v. I4 Solutions, Inc.*, 2010 UT App 9, ¶ 8, 223 P.3d 1141 ("The general rule is that when a party who received attorney fees below prevails on appeal, the party is also entitled to fees reasonably incurred on appeal.") (citation and internal quota-

tion marks omitted). If Westland saw error in the district court's refusal to award attorney fees, it should have filed a cross-appeal seeking an award of the attorney fees it was denied. *See In re Estate of Lewis*, 738 P.2d 617, 623 (Utah 1987) (noting that respondent was precluded from seeking affirmative relief by failure to timely file a cross-appeal and holding that respondent could "not raise [his] argument by way of his brief"). *See also Halladay v. Cluff*, 739 P.2d 643, 645 (Utah Ct.App.1987) (holding that cross-appeals are properly utilized for "grievances a party has with the judgment as it was entered").