**2016 UT App 161**

## THE UTAH COURT OF APPEALS

CHRIS CHECKETTS AND SANDRA CHECKETTS,
Appellants,
*v.*
PROVIDENCE CITY,
Appellee.

Memorandum Decision
No. 20150054-CA
Filed July 29, 2016

First District Court, Logan Department
The Honorable Brian G. Cannell
No. 140100122

Christopher L. Daines, Attorney for Appellants

Craig M. Call and Jonathan W. Call, Attorneys
for Appellee

JUDGE MICHELE M. CHRISTIANSEN authored this Memorandum
Decision, in which JUDGE J. FREDERIC VOROS JR. and SENIOR JUDGE
RUSSELL W. BENCH concurred.[1]

CHRISTIANSEN, Judge:

¶1     Appellants Chris Checketts and Sandra Checketts appeal
from the district court's order dismissing their complaint for
failure to exhaust administrative remedies. We conclude that the
Checkettses' appeal is moot and that their claims are barred by
the doctrine of res judicata. Accordingly, we dismiss the appeal.

¶2     The Checkettses own and operate a custom countertops
business. Before 2004, the Checkettses cut the countertops at

---

1. Senior Judge Russell W. Bench sat by special assignment as
authorized by law. *See generally* Utah R. Jud. Admin. 11-201(6).

their customers' residential and business sites. However, in 2004, the Checkettses began cutting the countertops offsite in a storage building on a residential lot (the Property) they own in Providence City (the City). In 2005, the Checkettses obtained a building permit from the City to build a commercial addition to the storage building on the Property,[2] and they completed construction of the $125,000 addition in May 2006. In 2008, several of the Checkettses' neighbors petitioned the City to shut down the Checkettses' business on the Property, and over the next seven years, several administrative proceedings, lawsuits, and negotiations ensued.

¶3     On March 6, 2014, the City issued a "Notice of Violation" to the Checkettses, stating that the Checkettses were in violation of several of the City's business-license and land-use ordinances. The notice stated, in relevant part, that the Checkettses were in violation of one of the City's land use ordinances for "[m]aintaining a land use that is not allowed in the zone within which the land use is located" and that "it is the land use decision of the City administration that the [Checkettses'] business . . . does not qualify as either a legal use nor as a legal nonconforming use under Utah Code [section] 10-9a-103(32) or Providence Code [section] 10-1-4." The notice further provided that the Checkettses had "fifteen days from the date of [the] notice to appeal the land use decision to the Providence [City] Appeal Authority."

¶4     On March 17, 2014, the Checkettses filed suit in district court. In their complaint, the Checkettses alleged that they were entitled to continue running their business "as they have done

---

2. Although the Checkettses' building permit application listed the use of the addition as "Commercial," nothing in the application indicated that the Checkettses intended to cut countertops for their business within the addition.

for the past eight years, based on 'zoning estoppel.'"[3] At the time the Checkettses filed their complaint, they had not yet filed an administrative appeal with the Providence City Appeal Authority (the Appeal Authority). The City responded to the Checkettses' complaint by filing a motion to dismiss, arguing that the Checkettses had failed to exhaust their administrative remedies. The Checkettses opposed the City's motion and argued that the City "does not have an administrative procedure by which an applicant may seek and obtain an exemption from the City's zoning code, based on equitable estoppel" and, consequently, "[i]t would be futile for the [Checkettses] to seek an exemption from the City to the zoning ordinance that no officer has the power to grant, or to file an appeal from such a decision." On November 19, 2014, the district court granted the City's motion to dismiss the Checkettses' equitable estoppel claim with prejudice, ruling that it lacked jurisdiction to hear the case because the Checkettses had failed to exhaust their administrative remedies.[4] The appeal now before us arises from this order of dismissal (the First Appeal).

---

3. The doctrine of zoning estoppel "estops a government entity from exercising its zoning powers to prohibit a proposed land use when a property owner, relying reasonably and in good faith on some governmental act or omission, has made a substantial change in position or incurred such extensive obligations or expenses that it would be highly inequitable to deprive the owner of his right to complete his proposed development." *Fox v. Park City*, 2008 UT 85, ¶ 35, 200 P.3d 182 (citation omitted).

4. The Municipal Land Use, Development, and Management Act provides,

> Each municipality adopting a land use ordinance
> shall, by ordinance, establish one or more appeal

(continued…)

¶5    In the meantime, on March 21, 2014, four days *after* the Checkettses filed suit in district court, the Checkettses timely filed three administrative appeals with the Appeal Authority. In their administrative appeals, the Checkettses argued numerous theories of relief from the Notice of Violation, including an equitable estoppel claim based on the same facts and theories alleged in their March 17 district court complaint. *See supra* ¶ 4. On August 12, 2014, the Appeal Authority issued a decision on the merits, concluding that, based "on the substantial evidence in the Record," "the City's decision[] . . . to issue the Notice of Violation to the [Checkettses] . . . [was] not arbitrary, capricious, or illegal."

---

(…continued)

> authorities to hear and decide . . . appeals from decisions applying the land use ordinances . . . . As a condition precedent to judicial review, each adversely affected person shall timely and specifically challenge a land use authority's decision, in accordance with local ordinance.

Utah Code Ann. § 10-9a-701(1)(b), (2) (LexisNexis 2012). "No person may challenge in district court a municipality's land use decision made under this chapter . . . until that person has exhausted the person's administrative remedies as provided in [section 10-9a-701]." *Id.* § 10-9a-801(1). The Providence City Code provides, "No person, board, or officer of the City may seek judicial review of any decision applying the land use ordinance until after challenging the land use authority's decision in accordance with this part. No theory of relief may be raised in the District Court unless it was timely and specifically presented to the Appeal Authority." Providence City, Utah, Code § 2-5-3(D) (2013), http://siterepository.s3.amazonaws.com/458/title_2_chapter_5_appeal_authority_09_10_2013.pdf [https://perma.cc/FD6F-U3R4].

¶6    Specifically regarding the Checkettses' equitable estoppel claim, the Appeal Authority concluded that the Checkettses' business was neither a legal use nor a legal nonconforming use and that the Checkettses had "not shown that all the elements necessary to prove equitable zoning estoppel are present in this case." The Appeal Authority noted that it was not clear from the record, and the Checkettses had failed to show, that they "properly conferred with the City regarding the uses that were permitted at [the Property] before beginning operation of the Business." The Appeal Authority further observed that the Checkettses had received numerous warnings from the City that their business did not comply with the Providence City Code and that despite these warnings the Checkettses continued to operate and to invest in their business. Ultimately, the Appeal Authority denied all of the Checkettses' theories of relief. On September 10, 2014, the Checkettses filed in the district court a petition for review and appeal from the Appeal Authority's decision (the Second Appeal). While the First Appeal was pending in this court, the district court ruled against the Checkettses on the merits in the Second Appeal.

¶7    In the case now before us, the First Appeal, the Checkettses contend that the district court erred in dismissing their complaint for failure to exhaust administrative remedies, because "[t]here were no administrative remedies available to the [Checkettses] by which they could seek or obtain relief based on a theory of equitable or zoning estoppel." The City contends that the Checkettses "seek a redundant opportunity to retry this matter . . . in district court after they did, in fact, exhaust their administrative remedies." We agree with the City and conclude that the Checkettses' exhaustion argument is moot and barred by the doctrine of res judicata.

¶8    "We refrain from adjudicating issues when the underlying case is moot. A case is deemed moot when the requested relief cannot affect the rights of the litigants." *Burkett*

*v. Schwendiman*, 773 P.2d 42, 44 (Utah 1989). In addition, "an appeal is moot if during the pendency of the appeal circumstances change so that the controversy is eliminated, thereby rendering the relief requested impossible or of no legal effect." *Trustees of Eighth Dist. Elec. Pension Fund v. Westland Constr., Inc.*, 2013 UT App 273, ¶ 2, 316 P.3d 992 (brackets, citation, and internal quotation marks omitted). "Indeed, mootness can be determined by facts that change or develop as the suit is pending." *Id.* (citation and internal quotation marks omitted).

¶9     In this case, the Checkettses failed to pursue any administrative remedies before filing suit in district court, despite the fact that the Providence City Code clearly contemplates that land use decisions are to be directed through the Appeal Authority. *See* Providence City, Utah, Code § 2-5-3 (2013), http://siterepository.s3.amazonaws.com/458/title_2_chapter_5_appeal_authority_09_10_2013.pdf [https://perma.cc/FD6F-U3R4]. The Checkettses claim they did so because the Appeal Authority was limited to determining "only whether or not the decision [applying a land use ordinance] is arbitrary, capricious, or illegal," *see id.* § 2-5-3(E), and could not "provid[e] the relief sought by the [Checkettses]" or otherwise "make the [Checkettses] whole," whereas "courts are empowered to consider all the circumstances relevant to an equitable determination and provide equitable relief." However, shortly after filing suit in district court, the Checkettses filed their administrative appeals, one of which included their equitable estoppel claim, and the Appeal Authority denied all of the Checkettses' claims—including their equitable estoppel claim—on the merits. The Checkettses then filed a petition for review and appeal of the Appeal Authority's decision with the district court, and while the appeal now before us was pending, the district court ruled against the Checkettses on the merits in the Second Appeal.

¶10 Based on the foregoing, we conclude that the Checkettses' First Appeal is moot. First, by filing three administrative appeals, the Checkettses did, in fact, exhaust their administrative remedies. In doing so, the Checkettses received a decision on the merits of their equitable estoppel claim from the Appeal Authority, and subsequently, the district court rejected the Checkettses' claims on the merits as well. Second, even if we were to conclude that the district court erred in dismissing the Checkettses' case for failure to exhaust their administrative remedies, our reversal of the district court's dismissal could not affect the Checkettses' rights, because at this point the district court has already ruled on the merits of the Checkettses' claims in the Second Appeal. *See Burkett*, 773 P.2d at 44 (stating that an issue "is deemed moot when the requested judicial relief cannot affect the rights of the litigants"). In that sense, the Checkettses have already attained the relief they wanted, i.e., review of their equitable estoppel claim in the district court.[5] Consequently, the question of whether the Checkettses were required to exhaust their administrative remedies is moot.

¶11 Moreover, the Checkettses' argument appears to be barred by res judicata. Res judicata has two distinct branches: claim preclusion and issue preclusion. *Macris & Assocs., Inc. v. Neways, Inc.*, 2000 UT 93, ¶ 19, 16 P.3d 1214. "Claim preclusion involves the same parties or their privies and also the same cause of action, and this precludes the relitigation of all issues that could have been litigated as well as those that were, in fact,

---

5. On June 27, 2016, while the First Appeal was pending, the Checkettses filed a notice of appeal from the judgment of the district court in the Second Appeal. The Checkettses assert that they intend to argue that the district court erred (1) "in determining that there was some substantial evidence to support the decision of the Providence City Appeal Authority" and (2) "in awarding Providence City its attorney's fees."

litigated in the prior action." *Id.* (citation and internal quotation marks omitted). Claim preclusion will bar a subsequent action if three requirements are met:

> First, both cases must involve the same parties or their privies. Second, the claim that is alleged to be barred must have been presented in the first suit or must be one that could and should have been raised in the first action. Third, the first suit must have resulted in a final judgment on the merits.

*Id.* ¶ 20 (citation omitted).

¶12    In this case, all three elements of claim preclusion are met. First, this appeal involves the same parties as the Second Appeal—the Checkettses and the City. Second, the argument presented by the Checkettses in this appeal "could and should have" been raised in the Second Appeal. *See id.* (citation omitted). Specifically, if the Checkettses believe that the Appeal Authority lacked the authority to consider their equitable estoppel claim and that the district court should have reviewed that claim de novo as a result, the Checkettses should have made that argument to the district court in challenging the Appeal Authority's decision. Finally, the Checkettses conceded at oral argument before this court that the Second Appeal resulted in a final judgment on the merits. Consequently, because all three elements of claim preclusion are met, the Checkettses' argument on appeal is also barred by res judicata.

¶13    Finally, the City seeks attorney fees on the basis that the Checkettses' appeal is frivolous or for purposes of delay. "[I]f the court determines that a motion made or appeal taken under these rules is either frivolous or for delay, it *shall* award just damages, which may include single or double costs . . . and/or reasonable attorney fees, to the prevailing party." Utah R. App. P. 33(a) (emphasis added). Rule 33 defines a frivolous appeal as "one that is not grounded in fact, not warranted by existing law,

or not based on a good faith argument to extend, modify, or reverse existing law." *Id.* R. 33(b). An appeal is considered brought for the purpose of delay if it "is one interposed for any improper purpose such as to harass, cause needless increase in the cost of litigation, or gain time that will benefit only the party filing the appeal." *Id.*

¶14   We conclude that the Checkettses' continued pursuit of this appeal was frivolous. In their opening brief, the Checkettses failed to mention that they had in fact exhausted their administrative remedies and that the Appeal Authority had ruled against them.[6] Because the merits of their theories of relief had thus been ruled upon, this appeal, in which the Checkettses sought to establish that the merits should have been ruled upon, was rendered moot, i.e., "during the pendency of the appeal circumstances change[d] . . . , thereby rendering the relief requested . . . of no legal effect." *See Trustees of Eighth Dist. Elec. Pension Fund v. Westland Constr., Inc.*, 2013 UT App 273, ¶ 2, 316 P.3d 992 (citation and internal quotation marks omitted). Nevertheless, the Checkettses continued this appeal, filing a reply brief—and not acknowledging until asked at oral argument that they had, in fact, exhausted their administrative remedies and had received a district court ruling against them—rather than withdrawing their appeal. We therefore conclude that the appeal is "not based on a good faith argument to extend, modify, or reverse existing law." *See* Utah R. App. P. 33(b).

¶15   We further conclude that the continuation of this appeal was also for purposes of delay. The district court determined that it lacked jurisdiction to consider the merits of the Checkettses' complaint because the Checkettses had failed to exhaust their administrative remedies before filing suit in district

---

6. At some point after the filing of the Checkettses' opening brief, the district court upheld the Appeal Authority's ruling.

court.[7] Despite the Appeal Authority's ruling against the Checkettses on the merits, the Checkettses appealed the district court's jurisdiction decision, ostensibly seeking to force the district court to address the merits. Then, after the district court addressed the merits in upholding the Appeal Authority's ruling, the Checkettses persisted in this appeal. And despite receiving the Notice of Violation and the Appeal Authority's ruling against them, the Checkettses have carried on with their business of cutting custom countertops in the storage building on their property—an activity that is, as the City's Notice of Violation put it, a "land use that is not allowed in the zone within which the land use is located." It therefore appears that the Checkettses continued this appeal simply to "gain time that will benefit only the party filing the appeal." *See* Utah R. App. P. 33(b).

¶16    Because we conclude that the Checkettses pursued this appeal to conclusion for purposes both frivolous and for delay, we award just damages to the City, in the amount of its reasonable attorney fees incurred on appeal. *Id.* R. 33(a); *see also id.* R. 33 advisory committee notes ("If an appeal is found to be frivolous, the court *must* award damages." (emphasis added)); *Redd v. Hill*, 2013 UT 35, ¶ 28, 304 P.3d 861 ("Sanctions are appropriate for appeals obviously without merit, with no reasonable likelihood of success, and which result in the delay of a proper judgment." (citation and internal quotation marks omitted)).

¶17    We dismiss this appeal as moot and as barred by res judicata. Pursuant to rule 33 of the Utah Rules of Appellate

---

7. By the time the district court issued its written order, the Checkettses had, in fact, exhausted their administrative remedies and received a decision on the merits from the Appeal Authority.

Procedure, we award the City its reasonable attorney fees incurred on appeal in an amount to be determined by the district court.

―――――――